ANTHONY R. SEGALL (CSB No. 101340)
asegall@rsglabor.com
ROTHNER, SEGALL & GREENSTONE
510 South Marengo Avenue
Pasadena, California 91101
Telephone: (626) 796-7555
Facsimile: (626) 577-0124

CORRINA FREEDMAN (CSB NO. 274438)
cfreedman@wga.org
WRITERS GUILD OF AMERICA, WEST, INC.
7000 W. Third Street
Los Angeles, California 90048
(323) 782-4521 - Phone
(323) 782-4806 - Facsimile

Attorneys for Plaintiff Writers Guild of
America, West, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WRITERS GUILD OF AMERICA, WEST, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HARDSTONE ENTERTAINMENT, INC.; LARRY LEVINSON PRODUCTIONS, INC; LARRY LEVINSON, an individual; and DOES 1-10, <br><br> Defendants. | CASE NO: 2:14-cv-7047 <br><br> **COMPLAINT FOR (1) DECLARATORY RELIEF; AND (2) SPECIFIC PERFORMANCE OF AGREEMENT TO ARBITRATE** <br><br> **[29 U.S.C. § 185]** |

Plaintiff Writers Guild of America, West, Inc. ("Guild") alleges as follows:

1

## JURISDICTION AND VENUE

1. This is an action for declaratory relief and specific performance of an agreement to arbitrate contained in a collective bargaining agreement. The claims arise under § 301(a) of the Labor Management Relations Act ("LMRA"). 29 U.S.C. § 185(a). This Court has subject matter jurisdiction pursuant to LMRA § 301(a) and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California pursuant to section 301(c) of the LMRA, 29 U.S.C. § 185(c), because the Guild maintains its principal place of business in this judicial district.

## THE PARTIES

3. At all material times, the Guild was and is now a California non-profit corporation and a labor organization within the meaning of 29 U.S.C. § 152(5). The Guild maintains its principal office at 7000 West 3rd Street, Los Angeles, California 90048. At all relevant times herein, the Guild has been the collective bargaining representative of writers employed by certain employers in the entertainment industry, an industry affecting commerce as defined by 29 U.S.C. §152(6)-(7). The Guild negotiates the industrywide collective bargaining agreement known as the Writers Guild of America Theatrical and Television Basic Agreement ("MBA").

4. At all material times,

    a. Defendant Hardstone Entertainment, Inc. ("Hardstone") was and is now a corporation qualified to do business in California. At all relevant times herein, Defendant was an employer within the meaning of 29 U.S.C. § 152(2) and a signatory to the 2004, 2008 and 2011 MBAs.

    b. Defendant Larry Levinson Productions ("LLP") was and is now a corporation qualified to do business in California and is engaged in the production of television movies, theatrical motion pictures, television series and miniseries.

    c. Defendant Larry Levinson ("Levinson") was and is now an individual and a producer in the television and motion picture industry. The Guild is

1  informed and believes and thereon alleges that Levinson is the principal and/or sole
2  shareholder of defendant LLP.
3      5.   The true names and capacities of defendants sued herein as Does 1
4  through 10 are unknown to plaintiff, which therefore sues these defendants by
5  fictitious names.  Plaintiff will amend the complaint to allege these Doe defendants'
6  true names and capacities when they are ascertained.
7      6.   Plaintiff is informed and believes and thereon alleges that each of the
8  defendants was at all material times the agent of each other defendant; each of the
9  defendants was at all material times acting within the course and scope of his, her, or
10 its authority; the conduct alleged of each defendant was authorized or ratified by each
11 other defendant; and each defendant is responsible for the acts of the others.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### The MBA

14     7.   The MBA is an industrywide collective bargaining agreement between
15 the Guild and various employers in the motion picture, television and new media
16 industries.  The MBA prescribes terms and conditions of employment for writers
17 providing writing services on such projects.  In this case, the Guild represents the
18 credited writers on 39 long-form television motion pictures ("the Pictures") produced
19 by LLP and executive produced by Larry Levinson.  A list of the Pictures and
20 corresponding credited writers is attached as Exhibit "A" and is incorporated herein
21 by this reference.
22     8.   The writers of the Pictures rendered writing services under employment
23 contracts with Hardstone.  Because Hardstone was at all material times signatory to
24 the MBA, all of the writing services for the Pictures were subject to the MBA.
25 Specifically, Hardstone agreed to be bound by the 2004, 2008 and 2011 MBAs by the
26 following acts:

a. On or around March 7, 2006, Hardstone executed a written Letter of Adherence by which it agreed to be bound by the 2004 MBA, the term of which was November 1, 2004 through October 31, 2007.

b. On or around February 13, 2008, Hardstone became signatory to the 2008 MBA by giving bargaining authority to the Alliance of Motion Picture and Television Producers, the multiemployer bargaining representative that negotiates the MBA with the Guild. The effect of having granted such bargaining authority was to bind Hardstone to the 2008 MBA, the term of which was February 13, 2008 through May 1, 2011.

c. On or about April 19, 2012, Hardstone executed a written Letter of Adherence by which it agreed to be bound by the term of the 2011 MBA, the term of which was May 2, 2011 through May 1, 2014.

9. The dispute in this action arises under the terms of the 2004, 2008 and 2011 MBAs.

**Alter Ego Relationship**

10. With respect to the development, writing and production of the Pictures, each of the defendants at all material times acted as the alter ego of each other defendant and each defendant is, therefore, jointly and severally liable for certain obligations of its alter ego defendants, as described more fully below. As the basis for such alter ego relationship, plaintiff is informed and believes and thereon alleges as follows:

a. Defendants have centralized control of labor relations, common ownership and financial control, common management, and interrelationship of operations;

b. There exists a unity of interest and ownership among the defendants, and each of them, such that any individual separateness among them has ceased; and

1     c.     Defendants LLP and Levinson, and each of them, have used defendant Hardstone as a device to insulate themselves from liability, including liability under the MBA.  Hardstone was at all relevant times undercapitalized and incapable of meeting its obligations as an MBA signatory.  Levinson and LLP's use of Hardstone in this fashion was a sham, the purpose of which was to avoid the obligations of the MBA.

11.     By virtue of their alter ego relationship with Hardstone, as described above, LLP and Levinson were at all material times bound by the terms of the 2004, 2008 and 2011 MBAs.

### Arbitration Provisions of the MBA

12.     The 2004, 2008 and 2011 MBAs provide for the submission to binding arbitration of all disputes "concerning the interpretation of the provision(s) of this MBA."  A true and correct copy of Articles 10-12 of the 2008 MBA, which contains the arbitration agreement, is attached hereto as Exhibit "B" and incorporated herein by this reference.  The arbitration provisions in the 2004 and 2011 MBAs are in all material respects identical to those contained in Exhibit B.

### Arbitration Claim

13.     On or about March 9, 2012, the Guild served on Hardstone (and on certain other parties not relevant here) a Notice of Claim Submitted to Arbitration and Claim in Case No. 10-CL-097.  The Guild subsequently amended the arbitration claim, ultimately serving its Fourth Amended Notice of Claim Submitted to Arbitration and Claim ("Arbitration Claim") on or about July 23, 2014.  A true and correct copy of the Arbitration Claim is attached hereto as Exhibit "C" and incorporated herein by this reference.  The Arbitration Claim is currently pending before Arbitrator Paul Crost.

14.     Defendants LLP and Levinson, and each of them, have at all material times (a) taken the position that they are not bound by the MBA, including its arbitration provisions; (b) refused to consent to Arbitrator Crost's jurisdiction over

them with in connection with the Arbitration Claim or otherwise allow themselves to be joined as respondents in that proceeding; and (c) maintained that they are not the alter egos of, or otherwise bound by the MBA obligations of, Hardstone.

## FIRST CAUSE OF ACTION

### Declaratory Relief

15. The Guild hereby incorporates by reference and alleges as if fully set forth herein paragraphs 1 through 14 above.

16. An actual controversy now exists between the Guild and the defendants concerning whether LLP and Levinson are alter egos of, or otherwise bound by the MBA obligations of, Hardstone, including the obligation to submit to arbitration the claims alleged in the Arbitration Claim. The Guild contends that LLP and Levinson are alter egos of, or otherwise bound by the MBA obligations of, Hardstone, including the obligation to submit to arbitration the claims alleged in the Arbitration Claim. Defendants contend that no such alter ego relationship exists and that LLP and Levinson may not properly be joined as respondents to the Arbitration Claim. The Guild is entitled to a judicial declaration resolving this present and actual controversy.

## SECOND CAUSE OF ACTION

### Specific Performance of Arbitration Agreement

17. The Guild hereby incorporates by reference and alleges as if fully set forth herein paragraphs 1 through 14 above.

18. LLP and Levinson are alter egos of, or otherwise bound by the MBA obligations of, Hardstone, including the obligation to arbitrate disputes under Articles 10-12 of the MBA. Accordingly, the Guild is entitled to an order compelling LLP and Levinson to submit to arbitration the dispute set forth in the Arbitration Claim.

19. The Guild has complied with all conditions precedent required of them pursuant to the MBA, as required by LMRA § 301(a), and are entitled to an order directing arbitration to proceed as against all defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** the Guild prays for:

1. A judicial declaration that LLP and Levinson are alter egos of, or otherwise bound by the MBA obligations of, Hardstone, including the obligation to arbitrate disputes under Articles 10-12 of the MBA;

2. An order directing arbitration on the Arbitration Claim to proceed against all defendants in accordance with the MBA;

3. Judgment in accordance with the order;

4. For costs of suit herein incurred and an award of reasonable attorneys' fees; and

5. Such other and further relief as the Court deems just and proper.

Dated: September 9, 2014

ANTHONY R. SEGALL
ROTHNER, SEGALL & GREENSTONE

CORRINA G. FREEDMAN
WRITERS GUILD OF AMERICA, WEST, INC.

/s/ Anthony R. Segall_____
Anthony R. Segall
Attorneys for Plaintiff Writers Guild of America, West, Inc.