# Exhibit B

# 2008

# WRITERS GUILD OF AMERICA

# THEATRICAL AND TELEVISION BASIC AGREEMENT

Effective February 13, 2008 through May 1, 2011

*Alliance of Motion Picture & Television Producers, Inc.*
*15301 Ventura Blvd., Building E*
*Sherman Oaks, CA 91403*

*Writers Guild of America, East, Inc.*
*555 West 57th Street*
*New York, NY 10019*

*Writers Guild of America, West, Inc.*
*7000 West Third Street*
*Los Angeles, CA 90048*

(unsigned draft)

of such issue, arbitrability shall first be determined prior to the arbitrator's proceeding with a hearing on the merits.

## ARTICLE 8 - CREDITS FOR SCREEN AUTHORSHIP (GENERAL)

The Company agrees that credits for screen authorship shall be given only pursuant to the terms of and in the manner prescribed in the applicable Schedule A attached hereto and by this reference incorporated herein, with respect to credits for screen authorship finally determined during the term hereof, and with respect to credits for screen authorship finally determined after the expiration of the term hereof involving material written during the term hereof or during the term of a prior collective bargaining agreement between the Company and the Guild; provided, however, that any such credits determined during the term of a successor collective bargaining agreement between the Company and the Guild shall be determined pursuant to the terms of such successor collective bargaining agreement.

## ARTICLE 9 - MINIMUM TERMS (GENERAL)

The terms of this Basic Agreement are minimum terms; nothing herein contained shall prevent any writer from negotiating and contracting with any Company for better terms for the benefit of such writer than are here provided, excepting only credits for screen authorship, which may be given only pursuant to the terms and in the manner prescribed in Article 8.  The Guild only shall have the right to waive any of the provisions of this Basic Agreement on behalf of or with respect to any individual writer.

## ARTICLE 10 - GRIEVANCE AND ARBITRATION

### A.  MATTERS SUBJECT TO GRIEVANCE AND ARBITRATION (GENERAL)

Except as otherwise specifically provided in this Article or elsewhere in this Basic Agreement, the following matters shall be submitted to grievance and thereafter to arbitration as hereinafter provided, and no other matters shall be submitted to grievance or arbitration:

1. Any dispute between the Guild and the Company concerning the interpretation of any of the terms of this Basic Agreement and the application and effect of such terms as determined by an interpretation thereof.

2. Any alleged breach of any of the terms or provisions of this Basic Agreement by the Guild or the Company.

3. Any claim by the Guild and a writer, on the one hand, against the Company, on the other hand, for unpaid compensation under the writer's individual employment agreement or loan-out agreement with the Company, or for payment under a purchase agreement with the Company in the case of a professional writer, excluding, however, any claim not related to the writer's services as a writer or not related to the sale of literary material.  (Claims for compensation or payment under an employment, loan-out or purchase agreement shall be referred to hereafter as "**compensation claims**" or "**claims for compensation**.")  Notwithstanding the foregoing, the grievance committee and arbitrator shall not have jurisdiction to render an award for compensation or payment exceeding the sum of four hundred thousand dollars ($400,000.00) for a theatrical or television employment or purchase.  (This amount is herein referred to as the "*jurisdictional maximum*.")  If a compensation claim exceeds the jurisdictional maximum, the claim may nevertheless be submitted to grievance and/or arbitration, but by such submission the Guild and writer waive any award exceeding the jurisdictional maximum and shall have no further claim or right with respect to any amount in excess of the jurisdictional maximum.  A claim for compensation cannot be split nor may more

than one (1) grievance or arbitration proceeding be brought for the purpose of avoiding the jurisdictional maximum.

4.   In any grievance or arbitration proceeding with respect to a claim for compensation brought under subparagraph 3. of this Article 10.A., the Company may, but need not, assert any and all defenses, including defenses based on an alleged right of suspension or termination, and any counterclaim or setoff (hereinafter referred to as "***cross-claim***").  A cross-claim is either mandatory or permissive.  A mandatory cross-claim is one arising out of or related to the pending claim for unpaid compensation.  A permissive cross-claim is any other cross-claim by the Company against the writer.  Provided that the Company has obtained knowledge of the facts upon which the cross-claim is based, the Company shall assert any and all mandatory cross-claims in any arbitration proceeding involving a compensation claim.  If the amount  claimed by the Company in a cross-claim exceeds the jurisdictional maximum of four hundred thousand dollars ($400,000.00), the Company shall have the option of submitting such cross-claim to grievance and (whether or not submitted to grievance) to arbitration or to institute an action at law or in equity with respect to such cross-claim. The Company may, but need not, assert any permissive cross-claim.

5.   Any claim of overpayment by a Company under Article 11.A.9. of this Basic Agreement.[1]

## B.   LIMITATION OF MATTERS SUBJECT TO GRIEVANCE AND ARBITRATION

1.   Except as otherwise provided in this Basic Agreement, disputes under individual employment agreements, loan-out agreements or under purchase agreements with professional writers, involving:

   a.   Company's rights of suspension and termination,

   b.   Company's right to seek or obtain injunctive relief or specific performance,

   c.   any of the warranties or grants of rights made by the writer, or

   d.   any of the rights of the Company to any literary material,

   shall not be subject to grievance or arbitration (except as provided to the contrary in Article 16), and the Company reserves all of its legal and equitable rights and remedies with respect thereto.  Any decision in grievance or award in arbitration purporting to determine or affect any of the aforementioned matters shall, to that extent, be of no force or effect whatsoever; provided, however, that if the Company asserts in any grievance or arbitration any defense or cross-claim involving or based upon the alleged exercise of a right of suspension or termination, the same shall be determined in such grievance and arbitration proceeding.

2.   The grievance committee and the arbitrator shall have jurisdiction to determine only such disputes as are submitted for grievance or arbitration under this Basic Agreement, subject to the limitations upon the powers of said grievance committee and arbitrator under this Basic Agreement.  Neither the grievance committee nor the arbitrator shall have the power or jurisdiction to reform, amend or extend the express terms and provisions of this Basic Agreement or of any employment agreement, loan-out agreement or purchase agreement.

---

[1]   Articles 10.A.5. and 11.A.9. replace Article 13.C. of the 1973 Basic Agreement.

**ARTICLE 10 - GRIEVANCE AND ARBITRATION**
B - LIMITATION OF MATTERS SUBJECT TO GRIEVANCE AND ARBITRATION

**C.  MATTERS SUBJECT TO ARBITRATION BUT NOT GRIEVANCE**

Notwithstanding anything elsewhere contained in this Article 10, the following matters shall be submitted to arbitration but not to grievance:

1.  Any dispute as to whether the arbitrator has jurisdiction or whether any matter is arbitrable, provided, however, that the arbitrator may not order an arbitration of any matter not arbitrable as provided above.

2.  Any dispute concerning the credit provisions of this Basic Agreement.  Such disputes are subject to the procedures set forth in Article 11.E. of this Basic Agreement.

3.  Any dispute concerning separation of rights under the provisions of subparagraph 6. of Article 16.A. of this Basic Agreement.

4.  Any dispute concerning allocation of receipts under Article 15.A.3.a. of this Basic Agreement.

5.  Any dispute concerning Article 16.A.8. which is subject to the expedited arbitration procedure in Article 11.F.

**D.  REFUSAL TO ARBITRATE**

A failure or refusal by any party to go to grievance on a matter subject to grievance or to arbitrate an arbitrable matter, including disputes as to jurisdiction and arbitrability pursuant to this Article 10, is a substantial breach of this Basic Agreement.  A failure or refusal by any party to go to grievance on a matter subject to grievance or to arbitrate an arbitrable matter shall not limit, impair or divest the jurisdiction and powers of the grievance committee or arbitrator provided notice of grievance or arbitration has been served as provided herein. Grievance and arbitration may proceed despite the failure of a party to appear and the grievance committee or arbitrator may enter an award against such a party.

**E.  REFERENCES**

All references in Articles 10, 11 and 12 to individual employment agreements, loan-out agreements or purchase agreements only refer to such agreements as are subject to this Basic Agreement.

# ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES

**A.  GENERAL RULES**

Unless otherwise provided in this Article 11 or elsewhere in this Basic Agreement, the rules and procedures for grievance and arbitration shall be as follows:

1.  Parties

   a.  In any grievance or arbitration concerning any claim by a writer for compensation under Article 10.A.3., the Guild and the writer involved shall be jointly a party and may be represented by joint counsel.  In any grievance or arbitration concerning such a claim by any loan-out company, the loan-out company also shall be jointly a party and may be represented by joint counsel.  The claim shall be initiated by the Guild on behalf of the writer and the loan-out company, if any.

   b.  Except as provided in subparagraph a. above, only the Company and the Guild shall be parties.

   c.  [Renumbered as Article 11.B.3. and deleted here.]

d.     The party commencing a claim in grievance or arbitration is sometimes referred to herein as complainant.  The party against whom such grievance or arbitration is commenced is sometimes referred to herein as respondent.  Use of such terms in the singular shall be deemed to include the plural.

e.     The grievance and arbitration provisions shall apply to disputes with respect to purchase agreements with professional writers to the same extent but no greater than they are applicable to disputes involving employed writers.

f.     As used in Articles 10, 11 and 12 of this Basic Agreement, the term "writer" shall be deemed to include the plural, the writer's loan-out company if any (as defined in Article 3 of this Basic Agreement) and, in the case of a purchase agreement, a professional writer (as defined in Article 1 of this Basic Agreement).

2.     Time Limits

a.     Proceedings for grievance (or arbitration, to the extent a party is required to initiate arbitration without invoking a grievance proceeding) of a claim relating to actual or alleged television employment or purchase shall be commenced no later than two (2) years after the party bringing the grievance or arbitration proceeding (whether it is the Company, Guild or the writer) has obtained knowledge of the facts upon which the claim is based.  Proceedings for grievance (or arbitration, to the extent a party is required to initiate arbitration without invoking a grievance proceeding) of a claim relating to actual or alleged theatrical employment or purchase shall be commenced no later than eighteen (18) months after the party bringing the grievance or arbitration proceeding (whether it is the Company, Guild or the writer) has obtained knowledge of the facts upon which the claim is based.

b.     In any event, grievance and arbitration proceedings shall commence not later than four (4) years after the occurrence of the facts upon which the claim is based.  An arbitration may be commenced prior to initiation or conclusion of a grievance proceeding, if it reasonably appears that the grievance proceeding will not be concluded in sufficient time to permit the arbitration proceeding to be commenced in time.

c.     With respect to separation of rights in television literary material, Company may accelerate the applicable limitation of time by serving notice on the Guild, after the literary material is completed, that the writer concerned does not have separation of rights in such material and by furnishing with such notice copies of all literary material and contracts upon which the Company's position in such notice is based.  The Guild must respond within ninety (90) days from the date such notice is received or the claim to separation of rights is waived on behalf of the writer and the Guild.

d.     If grievance or arbitration proceedings are not commenced within the applicable time period specified in this Article 11, such claim shall be deemed to be waived.  All time limits provided in Article 11 may be extended by mutual agreement of the parties to the dispute.

e.     It is the intent of the Guild and the Company that all arbitration awards should be rendered within sixty (60) days following the close of the arbitration hearing or submission of post-hearing briefs, whichever is later.  However, the arbitrator's failure to render an award within such period shall not deprive him/her of jurisdiction over the dispute or render the award invalid because it is made thereafter.

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
A - GENERAL RULES

3.   Place of Hearing

Except as otherwise provided in this paragraph, all arbitrations shall be in Los Angeles, absent agreement of the parties.  At the election of Writers Guild of America, East, the arbitration shall be in New York if a majority of the witnesses required for the arbitration hearing reside regularly in and around the New York area; provided, however, if any Company which is a party to the arbitration has its headquarters for the production of motion pictures in California, such arbitration shall be held in Los Angeles.  Any dispute as to where the arbitration should be held shall be determined by an arbitrator in Los Angeles, selected in accordance with the procedures set forth in Article 11.C.2., and said arbitrator shall be disqualified from hearing the merits of the dispute.  Said arbitrator shall take testimony by telephone from distant witnesses when requested to do so by either party.  If the arbitrator determines that the arbitration shall be heard in New York, the arbitrator assigned to hear the merits of the dispute shall be selected from the New York list of arbitrators set forth in Article 11.C.2.

The selection of the situs of the hearing room within the appropriate city shall be by mutual agreement of the Company and the Guild.  If there is no such agreement, those parties will alternate in selecting the hearing room, with the party making the selection supplying the room at no charge to the other.

4.   Award

The grievance committee and the arbitrator may make any appropriate award permitted herein.  Such award shall be in writing and shall be limited as provided in this Basic Agreement.  Subject to the provisions of this Basic Agreement, the award shall be final and binding upon the parties to the proceeding, whether participating in the proceeding or not, and in any grievance or arbitration proceeding in which the writer involved is not a party.  Any interpretation of this Basic Agreement made in such award shall be final and binding on such writer.

5.   Costs

Each party shall pay the costs of its representatives on the grievance committee.  The fee and expenses of the arbitrator shall be shared equally, unless otherwise provided by the arbitrator.  The arbitrator may require a court reporter and a transcript, and if so required, the cost thereof shall be shared equally.  All other costs and expenses of grievance and arbitration shall be borne by the party incurring the same.

6.   Notices

a.   All written notices referred to in this Article 11 commencing a grievance or arbitration or alleging a cross-claim shall be sent by registered or certified mail or by personal delivery and shall set forth the particulars thereof.  If the moving party is unable to effect service in this manner, service then may be effected by first class mail, postage prepaid, to the address for service last designated in writing by the Company, together with publication in *Daily Variety, The Hollywood Reporter, The Los Angeles Times* and *The New York Times*.  All other written notices may be served by first class mail, postage prepaid, unless otherwise specifically provided herein.

b.   All notices sent by the Guild to the Company shall be sent to the address designated by the Company in writing to the Guild at the time Company becomes signatory to the Basic Agreement.  Should Company change its address for the purpose of receiving notices relating to grievance or arbitration, the Company shall notify the Executive Director of Writers Guild of America, West, Inc. and the Executive Director of Writers Guild of America, East, Inc. of such new address, which shall then be substituted for the prior address.

   c.    Unless otherwise designated by Company in a written notice to the Guild, all notices sent by the Guild to the Company shall be addressed to the attention of an officer of the Company, or to its Labor Relations Department.  If the Company maintains an office in Los Angeles, California or its vicinity, all such notices shall be sent to said office.

   d.    A petition to confirm, modify or vacate, as the case may be, an arbitration award in any court of competent jurisdiction shall be served upon the respondent by registered or certified mail or by personal delivery.  If the petitioner is unable to effect service in this manner, service then may be effected by first class mail, postage prepaid, to the address for service last designated in writing by the Company, together with publication in *Daily Variety, The Hollywood Reporter, The Los Angeles Times* and *The New York Times.*

7.    Conduct of Proceedings

Except as set forth elsewhere herein, the grievance committee and the arbitrator shall adopt such rules of procedure and shall conduct proceedings in such manner as they shall determine to be proper; provided, however, that each party to any grievance or arbitration shall be afforded a reasonable opportunity to present evidence and argument before the grievance committee and the arbitrator.

All hearings, deliberations and proceedings of the arbitrator and the grievance committee shall be closed to the public and shall be absolutely privileged.  Only interested parties, their representatives and witnesses may attend.  All communications to and from the arbitrator or the grievance committee shall likewise be absolutely privileged.  Unless the Company objects, the arbitrator will send a copy of the award to the AMPTP.  The Guild shall have access to those awards.

8.    Claims for Compensation, Cross-Claims and Defenses

Subparagraphs a. through e. of this subparagraph 8. relate to compensation claims, cross-claims and defenses covered by Articles 10.A.3. and 10.A.4. of this Basic Agreement.

   a.    The grievance committee and arbitrator shall have no jurisdiction to determine or affect any claim relating to services in connection with any theatrical or television motion picture other than the theatrical or television motion picture as to which the compensation claim is asserted unless a defense or cross-claim is asserted with respect to another theatrical or television motion picture.

   b.    A decision made or award rendered in grievance or arbitration of a claim for compensation shall be limited to deciding or awarding what compensation, if any, is due the writer from the Company and what amount, if any, is due the Company from the writer on account of any cross-claim asserted by the Company in such grievance or arbitration.

   c.    If a claim for compensation under Article 10.A.3. of this Basic Agreement is submitted to grievance or arbitration, any claim of a breach of this Basic Agreement arising out of or connected with said claim must, to the extent permitted by the Basic Agreement, be submitted for grievance and arbitration together with the claim for compensation, provided that the Guild or the writer has obtained knowledge of the facts upon which said claim of breach is based.  Failure to so submit such claim shall constitute a waiver of any and all rights to assert such claim thereafter.

   d.    The institution of any action in court by the Company shall not stay an arbitration proceeding brought by the Guild and writer for compensation, nor shall any such grievance or arbitration proceeding stay any action instituted by the Company

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
A - GENERAL RULES

upon any matter Company is not required to submit to grievance or arbitration as a defense or cross-claim, whether or not such action is instituted prior to the submission of the compensation claim to grievance or arbitration.

e.   Cross-claims must be submitted to grievance or arbitration by serving written notice on the complainant, by certified or registered mail, setting forth the particulars thereof.

9.   Overpayments

If the Company claims that it has made an overpayment to a writer of any compensation provided for in this Basic Agreement or in any prior collective bargaining agreement between the Company and the Guild (*i.e.*, minimum compensation, residuals and other compensation provided for in this Basic Agreement or any other such collective bargaining agreement (hereinafter called "MBA compensation")) or of any compensation provided for in an employment or loan-out contract with a writer or an option agreement subject to the MBA or a purchase agreement with a professional writer not in excess of the applicable jurisdictional maximum of four hundred thousand dollars ($400,000.00) as set forth in Article 10.A.3. above (hereinafter called "arbitrable overscale compensation"), and if the Company desires to offset such payment against other compensation payable to such writer, the Company shall advise the Guild thereof in writing setting forth the particulars of such claim of overpayment.  If the Guild requests that the question of whether the Company has overpaid MBA compensation or arbitrable overscale compensation to the writer be submitted to grievance and arbitration, such request shall be made within seven (7) days after such notice from the Company to the Guild.  If the Guild does not make a timely request, the Company may proceed with the offset, subject to all of the legal rights and remedies of the writer.  If the Guild does make a timely request, then pending the outcome of such grievance and arbitration, the Company agrees that it will not apply the offset, but will pay the amount it desires to apply as an offset to the Guild.  The  Guild shall then promptly deposit the amount so paid in a separate interest-bearing trust account until it is determined in such grievance and arbitration proceeding whether there was in fact an overpayment of MBA compensation or arbitrable overscale compensation, as the case may be.  The grievance and arbitration shall involve only the question of whether there was in fact an overpayment of such compensation, and the amount thereof, and if it is determined that there was in fact an overpayment of such compensation, the right of offset is recognized.  Upon conclusion of the arbitration, the payments into such account, together with applicable interest, shall be paid to the Company or to the writer in accordance with the arbitration decision.  The parties shall cooperate in obtaining a speedy determination of the grievance and arbitration.  As to any claimed right of offset with respect to any alleged overpayments of monies other than MBA compensation or arbitrable overscale compensation, the Guild and the Company reserve their respective rights and contentions.

10.   Withdrawal of Services

Notwithstanding any provision of any personal service contract (including a memorandum agreement) or of the MBA to the contrary, it shall not be a violation thereof for the Guild or any employee (at the direction of the Guild) to withhold services from the Company if the Company fails or refuses to abide by the final award of an arbitrator for any reason whatsoever.

11.   Any grievance and/or arbitration concerning a dispute arising under a prior MBA or a writer's individual employment agreement, loan-out agreement, option agreement or purchase agreement subject to a prior MBA shall be subject to the following grievance and arbitration rules and procedures as set forth in the MBA in effect at the time the grievance or arbitration is initiated:

a.   The lists of arbitrators;

b.    The method of selecting an arbitrator;

c.    A party's unilateral right to waive second step grievance;

d.    Use of a sole disinterested arbitrator rather than a tripartite arbitration panel;

e.    Respondent's written statement of position prior to an arbitration hearing;

f.    Methods of effecting service of grievance notices, arbitration claims, cross-claims and notices, and petitions to confirm, modify or vacate an arbitration award;

g.    Arbitration of disputes concerning tri-Guild residuals audits as set forth in the Sideletter to Article 11;

h.    Expedited arbitration of residuals disputes under Article 11.G.; and

I.    Expedited arbitration of reacquisition disputes under Article 11.F.

The parties agree that the provisions of this Article 11.A.11. shall not be construed to render a dispute subject to grievance and/or arbitration hereunder if that dispute was not subject to grievance and/or arbitration under such prior MBA.  The parties further agree that to the extent a claim of overpayment as described in Article 11.A.9. of this Agreement or a "cross-claim" may lie, the provisions of this Article 11.A.11. also shall apply.

**B.   GRIEVANCE**

1.    Step One - Informal Conference

Prior to submitting to grievance any matter properly a subject thereof, an authorized representative of the Guild and an authorized representative of the Company will meet in a good faith attempt to settle the dispute.  If the representatives of the parties shall fail to settle the dispute within fourteen (14) days after the matter is first brought to the attention of the respondent, then the dispute may be referred to Step Two Grievance.

2.    Step Two - Grievance

a.    Commencement of Grievance

Complainant shall set out the nature of its claim in writing, and serve a copy ("grievance notice") thereof upon respondent by certified or registered mail.  Respondent may, but need not, reply in writing, setting forth its position.  The parties shall attempt to agree upon a mutually satisfactory date to convene a grievance committee and hold a grievance hearing, but if no mutually agreeable date is chosen, respondent may, within five (5) days after receipt of the grievance notice, designate by written notice to complainant a date upon which the grievance committee shall convene to hold the grievance hearing.  Such date shall be no earlier than fifteen (15) nor later than thirty (30) days after receipt of the grievance notice.  If respondent fails or refuses to designate such a date, complainant may designate the date for such meeting, such date to be not earlier than fifteen (15) nor later than thirty (30) days after service of the grievance notice.

b.    Grievance Committee

The grievance committee shall consist of three (3) representatives chosen by respondent and three (3) representatives chosen by complainant.  Either party shall have the right to designate a substitute for any of its representatives.  The

committee will, by majority vote, select its chairman.  By mutual agreement, the grievance committee may consist of two (2) representatives chosen by respondent and two (2) representatives chosen by complainant.

c.    Grievance Hearing

The grievance committee thus designated shall meet upon the date selected pursuant to the procedure described above, and shall consider and attempt to resolve the dispute brought before it.  The hearing shall be conducted in an orderly fashion, but rules of evidence and technicalities of procedure shall not be controlling.  It is the intent of this Basic Agreement that the committee members shall use their good faith, best judgment and common sense, as persons experienced in the motion picture and television industry, in attempting to resolve the dispute brought before it.  No matter shall be considered by the grievance committee unless a quorum is present.  A quorum shall consist of six (6) members.  If any four (4) members of the committee shall agree on a decision, such decision shall be final and binding upon the parties to the proceedings and any interpretation of this Basic Agreement made in such decision shall also be binding upon the writer or writers involved.  If no decision is agreed upon, then in any subsequent arbitration or other proceeding, no reference shall be made to the grievance proceeding or to any statements or discussions therein, or to the failure of the grievance committee to settle the dispute.

d.    Unresolved Grievance

If either party fails to designate its representatives within ten (10) days after notice of grievance is served, or if the committee shall fail to meet and commence hearings on the date selected in accordance with the procedures described above, or if four (4) members of the committee shall fail to concur in a decision, or if a grievance hearing is waived by one (1) of the parties hereto, or in any event if the dispute has not been settled by the committee or otherwise within forty-five (45) days after the mailing of the grievance notice, then either party may submit such matter to arbitration.

3.    Waiver of Grievance [appeared as Article 11.A.1.c. in predecessor Agreements].

Either party may, by written notice to the other party, waive grievance.  In such event, the dispute shall be submitted directly to arbitration.

## C.    ARBITRATION

1.    Initiation of Proceedings

A dispute which is subject to grievance proceedings shall not be subject to arbitration, except as provided in subparagraph B.2.d. or subparagraph B.3. of this Article 11.  An arbitration shall be initiated by complainant by written notice, setting forth the particulars of the claim, to be sent to respondent in accord with the procedures described in Article 11.A.6.a. of this Basic Agreement.  Respondent will provide complainant with a written statement of its position not later than ten (10) days prior to the date of the hearing.

2.    Selection of Arbitrator

The arbitrator shall be a disinterested person.  The parties shall in good faith attempt to mutually agree upon an arbitrator within ten (10) business days after respondent's receipt of the arbitration notice.  The complainant may extend this ten (10) day period upon written notice to respondent(s) at the time the arbitration claim is served.  Such extension is deemed effective at that time absent an objection by respondent(s).  In addition, the extension will no longer be deemed effective if respondent(s) gives subsequent written notice to complainant in which case the parties shall in good faith

attempt to mutually agree upon an arbitrator within ten (10) business days after complainant's receipt of notice from respondent(s).  With respect to arbitration claims served on or after February 13, 2008, if the complainant has failed to take any action to select the arbitrator (either by mutual agreement or the applicable Strike Process), or has failed to withdraw the claim with or without prejudice, for a period of eighteen (18) months after service of the claim on respondent(s), such claim shall be deemed to be waived.

Should the parties fail to agree on an arbitrator, the arbitrator shall be selected by the "Strike Process" as follows:

a.   The arbitrators listed in Article 11.C.2.e.(3) shall constitute the lists of arbitrators.

b.   On a Company-by-Company basis, the Guild and the Company shall alternate on a case-by-case basis in first striking a name from the applicable list of arbitrators (Los Angeles or New York).  Thereafter, the other party shall "strike" a name from the list.  The parties shall continue to alternate in striking names from the list, until one (1) arbitrator's name remains.

c.   The arbitrator whose name remains (after the Strike Process is completed) shall be the arbitrator.

d.   The "Strike Process" shall commence within two (2) business days following completion of the ten (10) business day period referred to in subparagraph 2. above and must conclude no later than three (3) business days following completion of the ten (10) day period referred to in subparagraph 2. above.

e.   In the event that one of the parties fails to participate in the Strike Process, or fails to strike in order and/or timely, the other party may thereupon select the arbitrator to hear the matter.

(1)   [Deleted.]

(2)   If more than one Company is a party, then the Company which is the real party in interest shall participate in the striking process with the Guild.  In the event that such Companies cannot agree on which of them is the real party in interest, then such Companies shall determine by lot which Company shall participate in the striking process with the Guild.

(3)   The authorized lists of arbitrators approved by the parties hereto are as follows:

---

38

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
C - ARBITRATION

LOS ANGELES

| | |
|---|---|
| Sara Adler | Joel Grossman |
| Charles Askin | Fredric R. Horowitz |
| Howard Block | Joshua Javits |
| Mark Burstein | Edgar A. Jones, Jr. |
| Tom Christopher | Anita Christine Knowlton |
| Douglas Collins | Michael Rappaport |
| Paul E. Crost | Lionel Richman |
| Dixon Dern | Sol Rosenthal |
| Edna Francis | Robert Steinberg |
| Joe Gentile | Barry Winograd |
| William Gould IV | John Zebrowski |

NEW YORK

| | |
|---|---|
| Maurice Benewitz | George Nicolau |
| Noel Berman | Joan Parker |
| Howard Edelman | Janet Spencer |
| Susan MacKenzie | |

Additional names may be added from time to time during the term of the contract by mutual agreement of the parties, provided that each panel shall consist of an odd number of arbitrators at all times.

3.   Substitution of Arbitrators

If the arbitrator selected cannot serve, a substitute shall be selected in accordance with subparagraph 2. above.

4.   Notice of Hearing

The arbitrator or, at his/her request, one of the parties shall give written notice to the parties of the time and place of the arbitration hearing.  In fixing such date, the arbitrator shall consult the parties and shall consider the time reasonably necessary for the parties to prepare their cases.

5.   Exchange of Information

The parties will cooperate in the exchange of information prior to the hearing regarding the expected utilization of documents and witnesses, including the exchange of lists of witnesses and copies of documents  to be utilized.  Such utilization shall not be precluded because such exchange did not take place.

6.   Hearing

a. The arbitrator may, upon a showing of good cause, continue the hearing.

b. The arbitration shall take place as noticed or continued regardless of whether one (1) or more of the parties fails to participate.

**D.    ARBITRATION OF DISPUTES WHICH INVOLVE QUESTIONS OF JURISDICTION OR ARBITRABILITY**

An objection to jurisdiction or arbitrability shall first be determined by the arbitrator prior to proceeding with a hearing on the merits.  If the arbitrator determines that there is jurisdiction and that the dispute is arbitrable, the arbitrator shall proceed to a decision on the merits; provided, however, that the party contesting arbitration or jurisdiction shall not, by proceeding to a determination of the merits of such arbitration, be deemed to have waived its position that the dispute is not arbitrable or that the arbitrator does not have jurisdiction.  If the arbitrator rules he has no jurisdiction over the dispute or that the dispute is not arbitrable, then each party is relieved of its obligation to further delay taking any action at law or in equity which it may desire to take.

**E.    ARBITRATION OF DISPUTES CONCERNING CREDIT PROVISIONS**

A dispute concerning the credit provisions of this Basic Agreement shall be submitted to an expedited arbitration proceeding governed by the following rules:

1. The Guild shall act on behalf of itself and the writer.

2. Within twenty-four (24) hours after the Guild or the Company serves written notice upon the other concerning a dispute involving a credit provision, an authorized representative of the Guild and an authorized representative of the Company will make a good faith attempt to settle or resolve the dispute.

3. In the event the parties shall fail to meet or shall otherwise fail to settle or resolve the dispute within twenty-four (24) hours after the twenty-four (24) hours provided in subparagraph 2. above, the dispute shall be submitted to arbitration to be commenced not later than five (5) business days after the service of the written notice provided for in subparagraph 2. above.

4. The dispute shall be submitted to a sole neutral arbitrator mutually selected from the authorized list of arbitrators approved by the parties hereto as follows:

LOS ANGELES

| | |
|---|---|
| Sara Adler | Joel Grossman |
| Charles Askin | Fredric R. Horowitz |
| Howard Block | Joshua Javits |
| Mark Burstein | Edgar A. Jones, Jr. |
| Tom Christopher | Anita Christine Knowlton |
| Douglas Collins | Michael Rappaport |
| Paul E. Crost | Lionel Richman |
| Dixon Dern | Sol Rosenthal |
| Edna Francis | Robert Steinberg |

| Joe Gentile | Barry Winograd |
|---|---|
| William Gould IV | John Zebrowski |

## NEW YORK

| Maurice Benewitz | George Nicolau |
|---|---|
| Noel Berman | Joan Parker |
| Howard Edelman | Janet Spencer |
| Susan MacKenzie | |

Additional names may be added from time to time during the term of the contract by mutual agreement of the parties, provided that each panel shall consist of an odd number of arbitrators at all times.

In the event the parties are unable, within forty-eight (48) hours (not including weekends or holidays) after respondent's receipt of the written notice provided for in subparagraph 2. above, to agree upon an arbitrator from the above list or otherwise, the arbitrator shall be selected by use of the following "strike process:"

a.    The arbitrators listed in this Article 11.E.4. shall constitute the lists of arbitrators.

b.    On a Company-by-Company basis, the Guild and the Company shall alternate on a case-by-case basis in first striking a name from the applicable list of arbitrators (Los Angeles or New York).  Thereafter, the other party shall "strike" a name from the list.  The parties shall continue to alternate in striking names from the list until one arbitrator's name remains.

c.    The arbitrator whose name remains (after the strike process is completed) shall be the arbitrator, so long as the arbitrator is a disinterested person.

d.    The "strike process" shall commence within twenty-four (24) hours (not including weekends or holidays) after the period for mutual agreement has expired and shall be completed within forty-eight (48) hours (not including weekends or holidays) after the period for mutual agreement has expired.

e.    If one of the parties fails to participate in the strike process, or fails to strike in order and/or timely, the other party may thereupon select a neutral arbitrator to hear the matter.

f.    If more than one Company is a party, then the Company which is the real party in interest shall participate in the strike process with the Guild.  In the event that such Companies cannot agree on which of them is the real party in interest, then such Companies shall determine by lot which Company shall participate in the strike process with the Guild.

5.    Notwithstanding anything in this Basic Agreement to the contrary, the arbitrator shall have jurisdiction and power to award damages, to order the Company to withdraw, cancel, change, or re-do advertising materials already issued or prepared, to require the Company to re-do any film titles, and to order any other reasonable relief the arbitrator deems appropriate in the circumstances, whether relating to credit on the screen, advertising or otherwise.  Any award rendered by the arbitrator shall be binding on the parties and upon the writer.

E - ARBITRATION OF DISPUTES CONCERNING CREDIT PROVISIONS

41

23

6.    Any or all time limits set forth herein may be waived by the mutual consent of the parties.

7.    To the extent not inconsistent herewith, all other provisions of the Basic Agreement relating to arbitrations shall be applicable.

## F.    EXPEDITED ARBITRATION OF CERTAIN DISPUTES CONCERNING REACQUISITION OF UNPRODUCED LITERARY MATERIAL (THEATRICAL)

**1.    a.    Disputes Subject to Expedited Arbitration Procedure**

The following procedure applies only to arbitrable disputes between the Guild and the Company concerning the interpretation or application, or alleged breach, of any provision of Article 16.A.8. of this Basic Agreement or any predecessor WGA Basic Agreement as to which the initial written notice of the writer's desire or intent to reacquire is received by the Company on or after May 2, 1998.

**b.    Parties**

Only the Guild and the Company shall be parties to an Article 11.F. arbitration proceeding.  The Guild shall act on behalf of itself and the writer.

**2.    Right to Invoke**

Either the Guild or the Company shall have the right to invoke this expedited arbitration procedure when there is a likelihood of irreparable harm in connection with the proposed reacquisition if regular arbitration procedures were used.  For purposes of Article 11.F., it is agreed that "irreparable harm" means an event or occurrence that cannot be undone or an opportunity or situation that, once lost or foregone, is unlikely to be revived or recaptured.  The burden of proof shall be on the moving party to show that use of the expedited procedure is appropriate under the provisions of this subparagraph 2.

**3.    Commencement of Proceedings**

Complainant shall initiate expedited arbitration proceedings by written notice, setting forth the particulars of the claim, to be sent to the respondent in accordance with the procedures described in Article 11.A.6.a. of the Basic Agreement.  Such notice shall be served within ten (10) business days after the moving party has obtained knowledge of the facts upon which the claim is based.  If expedited arbitration proceedings are not commenced within this time period, use of the expedited procedure shall be deemed waived.  When the WGA or the Company has initiated the Article 48.E. Hot Line procedure, the period of no more than seven (7) days used to attempt resolution of the dispute in this manner shall not be included in the computation of the ten (10) business day period under this subparagraph 3.

**4.    a.    Response or Objection to Expedited Claim**

The respondent shall respond to the claim or object to use of the expedited procedure within ten (10) business days after its receipt of the expedited arbitration claim.  If there is no objection to the procedure, the respondent will provide to complainant a written statement of its position within the time specified in the preceding sentence and, upon selection, to the arbitrator.

**b.    Objection to Expedited Procedure and Interim Ruling**

If the respondent has objected to use of the expedited procedure, the objection must describe the factual or other basis for its contention that use of the

42

ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES
F - EXPEDITED ARBITRATION OF CERTAIN DISPUTES CONCERNING REACQUISITION OF
UNPRODUCED LITERARY MATERIAL (THEATRICAL)

24

expedited procedure is not appropriate under the provisions of Article 11.F.2. The arbitrator (upon selection) may either convene an informal hearing by conference call, or a formal hearing, for the purpose of determining whether use of the expedited procedure is appropriate.

The hearing will take place within three (3) business days following selection of the arbitrator.  Each party may file hearing briefs, page limit to be set by the arbitrator, and may make closing arguments. There will be no post-hearing briefs.  The arbitrator must inform the parties of his/her decision as to whether the expedited procedure was appropriately invoked within twenty-four (24) hours after conclusion of the hearing, to be followed by an interim ruling in writing.

**5.      Selection of an Arbitrator; Place of Hearing**

   **a.**      The arbitrator shall be a neutral third party.  The parties shall in good faith attempt to mutually agree upon an arbitrator within three (3) business days after the response, objection or failure to respond, but in no event later than expiration of the ten (10) business day period in Article 11.F.4.a. above.  Should the parties fail to so agree, the arbitrator shall be selected by the "Strike Process" as follows:

   (1)      The arbitrators listed in subparagraph (7) below shall constitute the lists of arbitrators.

   (2)      On a respondent-by-respondent basis, the moving party and the respondent shall alternate on a case-by-case basis in first striking a name from the list of arbitrators.  Thereafter, the other party shall "strike" a name from the list.  The parties shall continue to alternate in striking names from the list, until one (1) arbitrator's name remains.

   (3)      The arbitrator whose name remains (after the Strike Process is completed) shall be the arbitrator.

   (4)      The Strike Process shall commence on the first business day following completion of the three (3) business day period referred to in subparagraph 5.a. above and must conclude by close of business that day.

   (5)      In the event that one of the parties fails to participate in the Strike Process, or fails to strike in order and/or timely, the other party may thereupon select the arbitrator to hear the matter.

   (6)      If there is more than one respondent, then the respondent which is the real party in interest shall participate in the strike process with the Guild.  In the event that such respondents cannot agree on which of them is the real party in interest, then such respondents shall determine by lot which of them shall participate in the striking process with the Guild.

   (7)      The authorized lists of arbitrators are as follows:

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
F - EXPEDITED ARBITRATION OF CERTAIN DISPUTES CONCERNING REACQUISITION OF
UNPRODUCED LITERARY MATERIAL (THEATRICAL)

43

25

LOS ANGELES

| | |
|---|---|
| Sara Adler | Joel Grossman |
| Charles Askin | Fredric R. Horowitz |
| Howard Block | Joshua Javits |
| Mark Burstein | Edgar A. Jones, Jr. |
| Tom Christopher | Anita Christine Knowlton |
| Douglas Collins | Michael Rappaport |
| Paul E. Crost | Lionel Richman |
| Dixon Dern | Sol Rosenthal |
| Edna Francis | Robert Steinberg |
| Joe Gentile | Barry Winograd |
| William Gould IV | John Zebrowski |

NEW YORK

| | |
|---|---|
| Maurice Benewitz | George Nicolau |
| Noel Berman | Joan Parker |
| Howard Edelman | Janet Spencer |
| Susan MacKenzie | |

Additional names may be added from time to time by mutual agreement of the parties, provided that each panel shall consist of an odd number of arbitrators at all times.

**b.    Substitution of Arbitrators**

If the arbitrator selected cannot serve, a substitute shall be selected in accordance with subparagraph 5.a. above.

**c.    Choice of Two Arbitrators**

If there is to be a hearing on the respondent's objection to use of the expedited procedure, the parties have the option of selecting one arbitrator to rule on such objection and another arbitrator to determine the remaining issues in the case, both of whom shall be selected pursuant to this subparagraph 5.

**d.    Place of Hearing**

The place of the arbitration hearing shall be determined in accord with Article 11.A.3. of the Agreement.

44

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
F - EXPEDITED ARBITRATION OF CERTAIN DISPUTES CONCERNING REACQUISITION OF
UNPRODUCED LITERARY MATERIAL (THEATRICAL)

26

6. **Timeline; Citation of Expedited Arbitration Awards**

   a. The hearing on the merits of the claim shall commence within twenty (20) business days following the respondent's receipt of the arbitration claim or, if the respondent has objected to use of this expedited procedure, within twenty (20) business days following the arbitrator's determination that use of this expedited procedure is appropriate.

      The arbitrator or, at his/her request, one of the parties, shall give written notice to the other party of the time and place at which the arbitration hearing will commence.  In fixing such date, the arbitrator shall consult the parties and shall consider the time reasonably necessary for the parties to prepare their cases.  The arbitration shall take place as notified (or as continued) regardless of whether one (1) of the parties fails to participate.

   b. The hearing on the merits of the claim shall conclude within ten (10) business days after its commencement, provided that the duration of the hearing is consistent with fundamental fairness in the arbitrator's sole judgment.

   c. The parties may file post-hearing briefs within fifteen (15) business days following the close of the hearing.  Either party's election to file a post-hearing brief will not preclude that party's right to make a closing argument so long as the hearing concludes within the time permitted in subparagraph 6.b. above.

   d. Within ten (10) business days following either receipt of the parties' briefs, or the conclusion of the hearing if no briefs are filed, the arbitrator shall issue a written decision and award on the issues presented.  The arbitrator's failure to meet the deadline shall not oust the arbitrator of jurisdiction.  The arbitrator's determination of issues and award shall be final and binding upon the Company, the Guild and the writer or writers involved, whether participating in the proceeding or not.

      Any award so rendered may be cited or offered into evidence by any party in another arbitration proceeding under this Basic Agreement, whether expedited or not.

7. **Waiver of Time Limits**

   Any or all of the time limits set forth in Article 11.F.6. may be waived by the mutual consent of the parties.

8. **Right to Seek an Extension of Time Limit**

   Upon the arbitrator's finding of good cause demonstrated by either party, the arbitrator may expand the time for conducting the hearing for a maximum of three (3) additional business days, and/or the time for filing post-hearing briefs for a maximum of three (3) additional business days.  In making such a determination, the arbitrator shall take into account the position of a party opposing the extension that prejudice would result from the extension.  The arbitrator shall advise the parties of his/her ruling on any request for an extension within forty-eight (48) hours after the request is made.

9. **Choice of Arbitration Forum; Application of Other Arbitration Provisions**

   Claims processed under this Article 11.F., which result in expedited arbitration awards on the merits of the issues presented, shall not be subject to adjudication in a judicial forum.  The preceding sentence does not reduce or impair the rights of any party under Article 12.C., D., and E. of this Agreement.

ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES
F - EXPEDITED ARBITRATION OF CERTAIN DISPUTES CONCERNING REACQUISITION OF
UNPRODUCED LITERARY MATERIAL (THEATRICAL)

45

27

In addition, once an expedited arbitration procedure is initiated, the provisions of Article 11.F. shall preclude arbitration under Article 16.A.6. to the extent that the issue(s) under Article 16.A.6. has (have) been decided in the expedited proceeding.

To the extent not inconsistent herewith, all other provisions of Articles 10, 11 and 12 of the Basic Agreement relating to arbitration shall be applicable.

**10.     Remedies in the Arbitration Forum**

In an expedited arbitration proceeding under Article 11.F., the arbitrator is limited to providing remedies that are in the nature of equitable relief such as a declaration of the respective rights of the parties and specific performance.

If all issues in dispute concerning the reacquisition are not fully resolved in the expedited proceeding, the WGA or the Company may initiate a subsequent arbitration proceeding under the regular procedures in the Basic Agreement.

**11.     Legal Subcommittee**

The parties to this Basic Agreement shall establish a legal subcommittee to explore whether the expedited arbitration procedure in Article 11.F. should apply to other Article 16 disputes.  The subcommittee shall report its recommendations, if any, to the Contract Adjustment Committee (CAC).

**G.     ARBITRATION OF CERTAIN DISPUTES CONCERNING RESIDUALS PROVISIONS**

Notwithstanding any other provision of the MBA, a dispute concerning the residuals provisions of this Basic Agreement or a predecessor WGA Basic Agreement shall be submitted to an expedited arbitration proceeding if the respondent is not financially responsible, or it is likely that the respondent's assets will be depleted or transferred, such that in either case it is reasonable to believe that the respondent would be unable to satisfy its residuals liability if the dispute were processed through the grievance and/or arbitration procedures set forth in Articles 11.A. through 11.C., above.  This expedited proceeding will be governed by the following rules:

**1.     Invocation of Expedited Proceeding**

A Notice of Expedited Arbitration (so labeled by the claimant) shall be reduced to writing and delivered to the respondent.  The Notice of Expedited Arbitration shall include the name, address and telephone number of the claimant's representatives and the name of the person who represents the respondent, if known.  The Notice of Expedited Arbitration shall also set forth the particulars of the claim, including an allegation that the respondent is not financially responsible, or it is likely that the respondent's assets will be depleted or transferred, such that in either case it is reasonable to believe that the respondent would be unable to satisfy its residuals liability if the dispute were processed through the grievance and/or arbitration procedures set forth in Articles 11.A. through 11.C.

This expedited procedure is not available when the residuals obligation(s) at issue is (are) payable, guaranteed or assumed by a "Qualified Distributor," "Qualified Buyer" and/or a "Qualified Residuals Payor," except by mutual agreement.

**2.     Attempt to Settle Dispute**

Within seven (7) business days after the claimant serves written notice upon the respondent concerning an expedited arbitration proceeding, an authorized representative of the claimant and an authorized representative of the respondent will make a good faith attempt to settle or resolve the dispute.

46

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
**G - ARBITRATION OF CERTAIN DISPUTES CONCERNING RESIDUALS PROVISIONS**

28

3. **Submission of Dispute to Arbitrator**

In the event the parties shall fail to meet or discuss the claim, or shall otherwise fail to settle or resolve the dispute within fifteen (15) business days after the respondent's receipt of the claim, the dispute shall be submitted to arbitration to be commenced not later than sixty (60) days after the respondent's receipt of the claim.

4. **Place of Hearing**

All expedited arbitration hearings under this Paragraph G. shall be in Los Angeles, absent agreement of the parties to another situs.

5. **Arbitrator Selection**

The dispute shall be submitted to a sole neutral arbitrator mutually selected from the authorized list of arbitrators as follows:

| | |
|---|---|
| Sara Adler | Joel Grossman |
| Charles Askin | Fredric R. Horowitz |
| Howard Block | Joshua Javits |
| Mark Burstein | Edgar A. Jones, Jr. |
| Tom Christopher | Anita Christine Knowlton |
| Douglas Collins | Michael Rappaport |
| Paul E. Crost | Lionel Richman |
| Dixon Dern | Sol Rosenthal |
| Edna Francis | Robert Steinberg |
| Joe Gentile | Barry Winograd |
| William Gould IV | John Zebrowski |

Additional names may be added from time to time during the term of the contract by mutual agreement of the parties, provided that each panel shall consist of an odd number of arbitrators at all times.

In the event the parties are unable, within ten (10) business days (not including weekends or holidays) after the respondent's receipt of the claim, to agree upon an arbitrator from the above list or otherwise, the arbitrator shall be selected by use of the following "strike process:"

a. The arbitrators listed in this Article 11.G. shall constitute the list of arbitrators.

b. On a Company-by-Company basis, the Guild and the Company shall alternate on a case-by-case basis in first striking a name from the list of arbitrators. Thereafter, the other party shall "strike" a name from the list. The parties shall continue to alternate in striking names from the list until one arbitrator's name remains.

c. The arbitrator whose name remains (after the strike process is completed) shall be the arbitrator, so long as the arbitrator is a disinterested person.

d.   The strike process shall commence within twenty-four (24) hours (not including weekends or holidays) after the period for mutual agreement has expired and shall be completed within forty-eight (48) hours (not including weekends or holidays) after the period for mutual agreement has expired.

e.   If one of the parties fails to participate in the strike process, or fails to strike in order and/or timely, the other party may thereupon select a neutral arbitrator to hear the matter.

f.   If more than one Company is a party, then the Company which is the real party in interest shall participate in the strike process with the Guild.  In the event that such Companies cannot agree on which of them is the real party in interest, then such Companies shall determine by lot which Company shall participate in the strike process with the Guild.

6.   **Award**

The arbitrator's written award shall be issued within sixty (60) calendar days from the end of the expedited arbitration hearing if closing argument is substituted for post-hearing briefs, or ninety (90) days following submission of post-hearing briefs.  The arbitrator's failure to meet the deadline shall not oust the arbitrator of jurisdiction.  The arbitrator's determination of issues and award shall be final and binding on all parties, whether participating in the hearing or not.  The parties shall be so bound in any subsequent arbitration proceeding between them concerning a residuals dispute involving the same theatrical and/or television motion picture(s).  Except as provided above, awards resulting from the use of these expedited procedures shall not be offered in evidence or cited in arbitrations under this Basic Agreement.

7.   **Continuance of Hearing and Testimony by Telephone**

The hearing shall not be continued, absent agreement of the parties, except upon proof of good cause by the party requesting such continuance.  The unavailability of any witness shall not constitute good cause unless the witness' testimony is relevant to the issues in the arbitration and could not be received by means consistent with fundamental fairness which do not require the witness' presence at the hearing.  Each party shall have the right to present the testimony of any witness by telephone, so long as the arbitrator is satisfied that the examination is consistent with fundamental fairness.

8.   **Settlement**

Nothing contained in this Article 11.G. shall preclude the parties from discussing the settlement of the dispute, except that such discussion shall not delay the expedited arbitration procedure.

9.   **Time Limit for Use of Expedited Proceedings and Determination of Claims Not Subject to Expedited Arbitration**

The failure of the claimant to serve the Notice of Expedited Arbitration within sixty (60) days following the date on which the facts upon which the claim is based were discovered by the moving party shall constitute a waiver of the right to use this expedited arbitration procedure.  If two (2) or more residuals claims are submitted to expedited arbitration and the expedited arbitration procedure has been waived or is inapplicable to one (1) or more claims, absent objection by the respondent, the non-expedited claim(s) may be heard in the expedited proceeding.  If the respondent objects to the determination of the non-expedited claim(s) in the expedited proceeding, the same arbitrator selected to hear the expedited claim(s) may, absent objection by a party during the arbitration hearing, determine the claim(s) not subject to expedited

**ARTICLE 11 - GRIEVANCE AND ARBITRATION RULES AND PROCEDURES**
G - ARBITRATION OF CERTAIN DISPUTES CONCERNING RESIDUALS PROVISIONS

30

arbitration, provided that such non-expedited arbitration claim(s) shall be determined in a separate proceeding conducted in accordance with Article 11.C., above.

10.    **Right to Object to Expedited Procedures and Interim Ruling**

The respondent may object to proceeding under this Article 11.G. by serving written notice of such objection with claimant and the arbitrator within seven (7) business days of receipt of the Notice of Expedited Arbitration.  The respondent's notice of objection must describe facts indicating it is financially responsible, or that it is not likely that its assets will be depleted or transferred, such that in either case it is reasonable to believe that the respondent would be able to satisfy its residuals liability if the dispute(s) at issue were processed through the grievance and/or arbitration procedures set forth in Articles 11.A. through 11.C., above.  In the event of an objection, the claimant shall have the burden of proving that it is consistent with this Article 11.G. to hear the dispute(s) under these expedited procedures.

The arbitrator may convene an informal hearing by telephone conference call, or a formal hearing, to determine whether it is consistent with this Article 11.G. to hear the dispute(s) under these expedited procedures.  If the arbitrator convenes a hearing, that hearing will take place within three (3) business days of receipt of the respondent's notice of objection.  The parties may file hearing briefs, the page limit to be set by the arbitrator, and they may make closing argument.  There will be no post-hearing briefs.  The arbitrator must inform the parties of the interim ruling on the use of the expedited procedures under this Article 11.G. within twenty-four (24) hours after conclusion of the hearing or, in the event no hearing is convened, within twenty-four (24) hours of the submission to the arbitrator of all briefs and/or relevant documents, to be followed by an interim ruling in writing.

11.    **Bifurcation**

If the expedited arbitration involves multiple residuals disputes or controversies, such as which of two (2) or more respondents is liable to make payment and the amount of residuals unpaid, the arbitrator may, upon the request of a party, bifurcate or separate such disputes or controversies and render separate awards, each of which shall be deemed final.

12.    **Invocation of Expedited Proceeding After Service of Claim Under Articles 11.A. through 11.C.**

If, after such time as a residuals arbitration has been commenced under the procedures set forth in Articles 11.A. through 11.C. above, a party learns that a respondent is not financially responsible, or it is likely that the respondent's assets will be depleted or transferred, such that in either case it is reasonable to believe that the respondent would be unable to satisfy its residuals liability if the dispute were processed through such grievance and/or arbitration procedures, any party to that arbitration proceeding may invoke an expedited arbitration under this Article 11.G. by serving appropriate notice to that effect.

13.    **Waiver of Time Limits**

Any and all time limits in Article 11.G. may be waived by the mutual consent of the parties.

14.    **Other Provisions Applicable**

To the extent not inconsistent with Article 11.G., all other provisions of the Basic Agreement relating to arbitrations shall be applicable.

**H.    ARBITRATION OF DISPUTES CONCERNING TRI-GUILD RESIDUALS AUDITS**

See Sideletter to Article 11, Arbitration of Disputes Concerning Tri-Guild Residuals Audits, for the procedures applicable to such cases.

**I.    EQUAL STATUS OF PARTIES**

It is understood that the Companies and the Guild are parties of equal status under this Agreement and in the administration of the arbitration processes throughout this Agreement. The equal status of the parties in the administration of the arbitration process shall be recognized in matters involving the determination of the availability of arbitrators, the selection of hearing dates, the retention of stenographic reporters, and insofar as applicable in all communications with the arbitrators.

Arbitration claims, cross-claims and notices shall carry the caption "WRITERS GUILD OF AMERICA - PRODUCERS ARBITRATION TRIBUNAL."

# ARTICLE 12 - COURT PROCEEDINGS

**A.    DISPUTES CONCERNING CREDITS**

Nothing in this Basic Agreement shall limit the rights of the Guild or any writer to assert any and all appropriate legal and equitable rights and remedies to which the Guild or such writer is entitled in courts of competent jurisdiction with regard to an alleged breach of Article 8 and Schedule A of this Basic Agreement with respect to writing credit; subject, however, to the following conditions and limitations:

1.    The Guild and the writer shall be bound by any court proceedings instituted by the Guild.

2.    If the Guild or the writer commences any proceedings in court with respect to any such alleged breach prior to the submission of the dispute to arbitration hereunder, then neither the Guild nor the writer may submit such dispute to arbitration and no arbitrator shall have jurisdiction to consider the alleged breach of such credit provision.

3.    If the Guild or the Company commences an arbitration proceeding hereunder with respect to any such alleged breach prior to the submission of the dispute to a court, then neither the Guild nor the writer shall thereafter commence any proceeding in court with respect to such alleged breach.

4.    Any permissible court proceeding referred to in this Paragraph A. must be commenced by the Guild or the writer, if at all, within the applicable time limits specified in subparagraph 2. of Article 11.A.

**B.    DISPUTES CONCERNING COMPENSATION**

With respect to a compensation claim which is arbitrable pursuant to the provisions of this Basic Agreement, the writer, at his/her option, need not proceed by grievance and arbitration, but instead may institute an action at law or in equity with respect to such claim prior to submission of such claim to grievance or arbitration; provided, however, that for compensation claims of four hundred thousand dollars ($400,000.00) or less for theatrical or television employment or purchase, the writer must submit such claim to grievance and arbitration pursuant to Articles 10 and 11 of this Basic Agreement and failure to so proceed by grievance and arbitration shall constitute a waiver by the writer as to such compensation claim.

**C.**    Nothing in this Basic Agreement shall impair, affect or limit the right of the Company, the Guild or any writer to assert and exercise any and all appropriate legal or equitable rights or

remedies to which such Company, Guild or writer is entitled in any court of competent jurisdiction as to any dispute which is not subject to grievance or arbitration pursuant to this Basic Agreement.  The rights of the parties to assert and exercise legal or equitable rights or remedies as to disputes which are subject to grievance or arbitration are as more particularly defined in this Basic Agreement.

**D.**     The Guild shall have the right to take to grievance and arbitration a claim of the Guild of a breach by the Company of any of the terms or provisions of this Basic Agreement, including a failure to pay minimum compensation, regardless of whether or not such claimed breach may also involve a breach by the Company of its contract with the writer and such proceeding shall not affect the right of the writer to pursue his/her own remedies at law or in equity, except as limited by the provisions of this Basic Agreement.

**E.**     Nothing in this Basic Agreement shall preclude any court of competent jurisdiction from confirming, setting aside or modifying any grievance or arbitration award hereunder in any proceeding brought for such purpose in accordance with applicable law.

# ARTICLE 13 - COMPENSATION

**A.     THEATRICAL**

Company agrees that the minimum basic compensation to be paid a writer who is employed for a feature length photoplay on a so-called flat deal basis shall be as herein set forth.

For the purpose of this Article 13.A.1.a., "High Budget" photoplay shall be a photoplay the cost of which equals or exceeds five million dollars ($5,000,000.00); a photoplay the cost of which is less than five million dollars ($5,000,000.00) shall be referred to as a "Low Budget" photoplay.

The Company may option to purchase or license from a professional writer literary material, which would be covered by this Basic Agreement, for a period of eighteen (18) months upon payment of ten percent (10%) of the applicable minimum compensation for such literary material.  Company may renew or extend such option for subsequent eighteen (18) month periods upon payment of an additional ten percent (10%) of the applicable minimum compensation for such literary material for each such eighteen (18) month period. Notwithstanding anything in this Basic Agreement to the contrary, the option payment(s) shall be credited against the purchase price or other compensation payable to the writer.